UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-CV-80038-AMC/BER

CHRISTOPHER MCWILLIAMS,

        Plaintiff,

vs.

ECN (US) HOLDINGS, CORP.,
ECN CAPITAL CORP.,
STEVEN K. HUDSON, and
MICHAEL MCCORMACK

        Defendants.
_____/

## REPORT AND RECOMMENDATION ON MOTION TO REMAND
### [ECF No. 14]

Plaintiff Christopher McWilliams moves to remand Count V of the Amended Complaint to state court. Count V alleges that Defendants ECN (US) Holdings Corp. and ECN Capital Corp. (collectively "ECN") breached Mr. McWilliams' employment contract. For the following reasons, the Motion should be DENIED.

The currently-operative complaint alleges five counts: (1) three counts of failure to pay overtime, as required by the Fair Labor Standards Act (FLSA), (2) one count of retaliatory discharge under the FLSA, and (3) one count for breach of Mr. McWilliams' employment contract, in violation of Florida law.[1]

---

[1] Mr. McWilliams has a pending motion for leave to file a Second Amended Complaint. ECF No. 41. The proposed amendment would add defendants to the retaliation claim, but would not otherwise affect the existing claims. ECF No. 41-2.

No one disputes that the Court has subject matter jurisdiction over the FLSA claims in Counts I-IV. Defendants' Notice of Removal asserts that 28 U.S.C. §1367 gives this Court supplemental jurisdiction over Count V. ECF No. 1 at 2. Mr. McWilliams disputes this jurisdiction and asks to have Count V remanded to state court.

A motion to remand is equivalent to a Rule 12(b)(1) motion that factually attacks whether subject matter jurisdiction exists; that is, it challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings." *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir. 1990) (citations omitted). For that kind of challenge, "matters outside the pleadings, such as testimony and affidavits, are considered." *Id.*; *accord Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir. 1997) (in resolving motion to remand based on fraudulent joinder, court can consider materials outside the pleadings). "When faced with factual disputes regarding subject matter jurisdiction, the district court serves as the fact-finder and may weigh the evidence, provided that the challenge to subject matter jurisdiction does not implicate an element of the cause of action." *Scarfo v. Ginsberg,* 175 F.3d 957, 961 (11th Cir. 1999). The removing party has the burden of showing by a preponderance of the evidence that federal jurisdiction exists. *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.,* 591 F.3d 1337, 1343 (11th Cir. 2009); *McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir. 2002).

> "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 411 (11th Cir. 1999). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to

> state court." *Id.* This rule exists for a reason. "Where a federal court proceeds in a matter without first establishing that the dispute is within the province of controversies assigned to it by the Constitution and statute, the federal tribunal poaches upon the territory of a coordinate judicial system, and its decisions, opinions, and orders are of no effect." *Miller Brewing,* 663 F.2d at 548; *see also Am. Tobacco,* 168 F.3d at 411 ("A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts."). Accordingly, "the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits." *Miller Brewing,* 663 F.2d at 548–49.

*Meyer v. Health Mgmt. Assocs., Inc.*, 841 F. Supp. 2d 1262, 1266 (S.D. Fla. 2012) (J. Scola).

Here, neither side has offered any extrinsic evidence. Nor has either side asked for an evidentiary hearing. So, I will resolve the motion solely on the pleadings.

Title 28, United States Code, Section 1367(a) says:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C § 1367(a). Section 1367 is "a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558, (2005) (*cited in PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1310 (11th Cir. 2016)). Nevertheless, a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if (1) the claim

3

raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). The decision whether to decline supplemental jurisdiction is within the sound discretion of the trial court. *See Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., L.L.C.*, 596 F.3d 1313, 1328 (11th Cir. 2010).

As the plain text of Section 1367(a) makes clear, supplemental jurisdiction exists only for claims that arise from the same common nucleus of operative facts as a claim over which the Court has original jurisdiction. *See Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 679 (11th Cir. 2012) (*quoting United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). "In determining if claims derive from a common nucleus of facts, the Court should ask whether the claims arise from the same facts or involve similar occurrences, witnesses, or evidence." *Nicopior v. Moshi Moshi Palm Grove, LLC*, 375 F. Supp. 3d 1278, 1285 (S.D. Fla. 2019) (J. Torres) (citing *See Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996)).

Mr. McWilliams argues that Count V does not arise from the same common nucleus of operative facts as the remaining counts. In sum, he says Count V relates solely to unpaid regular wages and benefits owed to him under his written contract, whereas the remaining counts relate to unpaid overtime and lost wages owed as a

4

matter of law under the FLSA. He also argues that the witnesses needed to prove the breach of contract claim are different from the witnesses for the FLSA claims.

The Amended Complaint alleges:

- ECN failed "to pay: all owed wages, accrued but unused paid time off, granted performance share units that would have vested had Plaintiff not been unlawfully terminated, and an annual bonus." ¶2.[2]

- Mr. McWilliams "reported to, and was regularly overseen by, Mr. Hudson and Mr. McCormack." ¶27.

- "Plaintiff's Employment Agreement indicated that Plaintiff was required to perform tasks 'assigned by the Chief Risk Officer [Mr. McCormack] and /or the Chief Executive Officer [Mr. Hudson].'" ¶28 (brackets in docketed filing).[3]

- Mr. Hudson was Mr. McWilliams' "supervisor." ¶39.

- "ECN breached the Employment Agreement by not paying Plaintiff all monies owed under the Employment Agreement. For example, ECN has not paid Plaintiff his full salary for his final two weeks of employment with ECN or his full salary on the last paycheck Plaintiff received from ECN, to which Plaintiff is entitled under the Employment Agreement." ¶¶ 100, 101.

---

[2] Citations to "¶" are to the Amended Complaint, ECF No. 9.

[3] The employment agreement is appended to the Amended Complaint and incorporated by reference into Count V. ECF No. 9 ¶99.

- The Employment Agreement is signed by Mr. McWilliams and ECN's Chief Legal Officer. ECF No. 9 at 29.
- The Chief Legal Officer participated in the retaliation against Mr. McWilliams. ¶¶55-56, 93-94).

Defendants have met their burden of showing that supplemental jurisdiction exists under §1367. All of the claims arise out of Mr. McWilliams' employment relationship with Defendants. Even assuming without deciding that the FLSA overtime claims are not sufficiently related to the breach of contract claim to support supplemental jurisdiction, the FLSA retaliation claim and the breach of contract claim have overlapping proof and witnesses. Mr. McWilliams says ECN's Chief Legal Officer will be a witness on his breach of contract claim. ECF No. 14 at 5. The Chief Legal Officer is alleged to have been part of the retaliation against Mr. McWilliams. ¶¶55, 56, 93, 94. And, the retaliation claim seeks damages arising from non-compliance with the Employment Agreement. ¶97 (requesting "back pay and any other compensation to which [Mr. McWilliams] would have been entitled under the Employment Agreement had he not been unlawfully terminated."). So, the non-payment of amounts due under the Employment Agreement appears to be one of the acts of alleged retaliation, and the damages evidence for Count V will also apply to Count IV. Taken together, these facts satisfy the requirement that the state law claim arises from the same common nucleus of operative facts as one of the federal claims.

## RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court DENY Plaintiff's Motion to Remand (ECF No. 14).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 8th day of May 2023.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE