UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-CV-80038-AMC/BER

CHRISTOPHER MCWILLIAMS,

           Plaintiff,

vs.

ECN (US) HOLDINGS CORP., ET AL.,

           Defendants.
_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO TAX COSTS [ECF No. 76]

Plaintiff Christopher McWilliams moves to tax costs under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920.[1] Judge Cannon referred this matter to me for a report and recommendation. ECF No. 77. It is RECOMMENDED that the Motion for Bill of Costs be GRANTED IN PART and DENIED IN PART.

### PROCEDURAL HISTORY

In the operative Second Amended Complaint, Mr. McWilliams sued his former employer and two of its officers for not paying proper overtime wages as required by the Fair Labor Standards Act (FLSA) (Counts I-III) and for retaliation (Count IV). He also sued the employer, only, for breach of contract (Count V). ECF No. 48. Defendants served Mr. McWilliams with an offer of judgment on Counts I-III, which

---

[1] Mr. McWilliams has separately moved for attorneys' fees. ECF No. 78. That motion will be addressed in a separate report and recommendation.

was accepted. ECF No. 52. Judge Cannon then entered a partial final judgment against Defendants on those counts. ECF No. 68. Mr. McWilliams now moves to tax costs.

## LEGAL PRINCIPLES

Federal Rule of Civil Procedure 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). However, this presumption is not without limits, and courts may only tax costs as authorized by statute. *See U.S. EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

"Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co.*, 482 U.S. at 441–42. This section provides in part:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1)   Fees of the clerk and marshal;
>
> (2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3)   Fees and disbursements for printing and witnesses;
>
> (4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5)   Docket fees under section 1923 of this title;

>   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

It is well settled that Section 1920 should be narrowly construed. *West v. Zacharzewski*, No. 18-14156-CIV, 2019 WL 2567665, at *1 (S.D. Fla. May 29, 2019) (J. Maynard) (collecting cases). The party seeking to tax costs must justify its request with specific evidence:

> The movant must not only show that the costs claimed are recoverable, but must also provide *sufficient detail and sufficient documentation* regarding those costs in order to permit challenges by opposing counsel and meaningful review by the Court.

*McKenzie v. Lindstrom Air Conditioning, Inc.,* No. 08-61378-CIV, 2010 WL 11505840, at *5 (S.D. Fla. Aug. 6, 2010) (emphasis added) (citing *See Lee v. American Eagle Airlines, Inc.,* 93 F.Supp.2d 1322, 1335 (S.D. Fla. 2000) (movant "bears the burden of submitting a request for expenses that would enable the court to determine what expenses were incurred and whether Plaintiff is entitled to them") (citing *Loranger v. Stierheim,* 10 F.3d 776, 784 (11th Cir. 1994)). The movant should justify its cost claims by adequately describing the necessity of the services provided and their relationship to the case. *See Davis v. Commercial Union Ins. Co.,* 892 F.2d 378, 385 (5th Cir. 1990) (ruling that the district court did not abuse its discretion in denying costs where "the affidavit in support of the motion for costs 'fail[ed] to set out with sufficient particularity [the expenditures] in order for the Court to determine the reasonableness' of the costs."). Indeed, failure to submit supporting documentation verifying the costs incurred and the services rendered (e.g., bills, invoices, receipts,

etc.) can be grounds for denial of costs. *See Johnson v. Mortham,* 173 F.R.D. 313, 318 (N.D. Fla. 1997).

The Court retains discretion to decline to award some or all of the prevailing party's costs. *Campbell v. Rainbow City, Alabama,* 209 Fed. Appx. 873, 875 (11th Cir. 2006). But, "a 'persuasive reason'" is required. *Friends of Everglades v. S. Florida Water Mgmt. Dist.*, 865 F. Supp. 2d 1159, 1165 (S.D. Fla. 2011) (J. Altonaga) (citing 10 Charles Alan Wright, et al., Federal Practice and Procedure § 2668 (3d ed. 1998)).

## DISCUSSION

Mr. Mc Williams filed a Bill of Costs seeking $1,219.19. ECF No. 76-1. The categorized costs are:

| | |
|---|---|
| Fees of the Clerk | $ 456.44 |
| Fees for service of summons and subpoena | $ 762.75 |

Defendants object only to $522.75 of the service fees. Defendants agree that the Clerk's fees and the remaining $240 for service of summonses is properly taxed. All of these costs are supported by receipts appended to the Bill of Costs.

Mr. McWilliams asks for $522.75 incurred by a private investigator in serving the summons and complaint on Defendant ECN. After several unsuccessful attempts by a process server, the private investigator served that summons on Mr. Hudson, in his capacity as ECN's CEO. The investigator's invoice comprises (1) an $80 service fee, (2) $420 for 3.5 hours, and (3) $22.75 for mileages (35 miles at $0.65 per mile). On its face, the invoice does not explain the basis for the 3.5-hour charge.

It is well-settled that private process server fees may be taxed pursuant to Section 1920, provided they do not exceed the service rates charged by the U.S. Marshal's Service. *W & O, Inc.*, 213 F.3d at 624; *Ramirez v. Scottsdale Ins. Co.*, No. 20-CV-22326-KMM, 2021 WL 6932164, at *3 (S.D. Fla. Nov. 19, 2021) (J. Louis) (awarding costs for service of subpoenas based on Marshal's rates), report and recommendation adopted, No. 1:20-CV-22326-KMM, 2022 WL 213814 (S.D. Fla. Jan. 25, 2022) (J. Moore)). The current regulations provide that the Marshal's Service charges $65.00 per hour for each subpoena served, plus travel costs and any other out-of-pocket expenses. *See* 28 C.F.R. § 0.114(a)(3).

Defendants argue (1) the $80 service fee exceeds the Marshal's rate, (2) investigator fees are not taxable and (3) because there is no explanation for the 3.5 hours, it is not taxable. ECF No. 85. Mr. McWilliams responds that the $80 fee is justified because "ECN Capital was evading service for an extended period which required Plaintiff to use a private process server with a background in private investigation to effectuate service on Mr. Hudson, ECN Capital's CEO. The process server's efforts justify the slightly higher service fee." ECF No. 86 at 2. He argues that the investigator spent 3.5 hours "in connection with service of process on ECN Capital, through its CEO, Mr. Hudson." *Id.* at 3-4.

Mr. McWilliams cannot tax the $80 fee for a single attempt to serve the summons. He cites *Caplan v. C4S LLC,* No. 22-CV-20285, 2023 WL 3026619, at *3 (S.D. Fla. Apr. 4, 2023) (J. Reid), *report and recommendation adopted,* No. 22-CV-20285, 2023 WL 3026057 (S.D. Fla. Apr. 20, 2023) (J. Altman), for the proposition

5

that "courts in the Southern District of Florida have awarded costs that exceeded $65.00 based on the circumstances surrounding service." In *Caplan,* the prevailing party submitted an invoice that asked for more than $65 per hour for service of process. The Court taxed the full amount because "the invoice was for two different delivery attempts" which presumably averaged out to less than $65 per attempt. *Id.* at *3.

Mr. McWilliams argues that, at a minimum, he should be able to recover the Marshal's fee of $65 plus the $22.75 for travel costs. ECF No. 86 at 2 (citing 28 C.F.R. § 0.144(a)(3)). He is correct that mileage expenses can be taxed. *See Jiminez v. E-Z Weld Grp., Inc.*, No. 20-CV-80205, 2021 WL 6137079, at *2 (S.D. Fla. Dec. 10, 2021) (J. Matthewman) (taxing costs for process server's mileage), *report and recommendation adopted,* No. 20-80205-CIV, 2021 WL 6134469 (S.D. Fla. Dec. 29, 2021) (J. Singhal). The requested per-mile rate of $0.65 is reasonable. *See* Calendar Year (CY) 2023 Privately Owned Vehicle (POV) Mileage Reimbursement Rates, 88 Fed. Reg. 864-01 (Jan. 5, 2023) (citing https://gsa.gov/ftrbulletins) (authorizing $0.655 per mile reimbursement for driving personal vehicle for Government business).

Mr. McWilliams has not met his burden of showing that the 3.5 hours billed by the investigator are taxable. The Court can tax investigator time "incurred in connection with service of process and as a direct result of Defendants attempting to evade service." *Walker v. Grampa's Real Est. Inc.*, No. 20-CV-61557, 2022 WL 1157423, at *2 (S.D. Fla. Apr. 2, 2022) (J. Strauss), *report and recommendation adopted,* No. 0:20-CV-61557-WPD, 2022 WL 1154764 (S.D. Fla. Apr. 19, 2022) (J.

Dimitrouleas). Here, there is no evidence of what the investigator did for 3.5 hours. The invoice merely lists the number of hours. The Return of Service says only that the complaint and summons were given to the investigator on March 14, 2023, at 5:36 p.m. and were served on Mr. Hudson on March 16, 2023, at 9:00 a.m. at an undisclosed location in Palm Beach County. ECF No. 76-2 at 7.

Moreover, it is not clear that ECN was evading service. The record shows the following sequence of events:

- On February 14 at 11:31 a.m., the process server tried to serve ECN at an office in West Palm Beach. An employee told the process server that the West Palm Beach location was not authorized to accept service, that service needed to be made on the Registered Agent at 206 N.E. 17th Court, Fort Lauderdale, and that the Registered Agent's name was Brian Thomas. ECF No. 76-2 at 2.

- A week later, on February 22, at 10:12 a.m., the process service tried to serve ECN at the same West Palm Beach office. They were told that no management was there. *Id.* at 3.

- The next day, at 10:51 a.m., the process server again went to the West Palm Beach office, but no one answered the door. *Id.* at 4.

- The next day, at 4:24 p.m., the process server tried to serve the summons at 2206 N.E. 17th Court, Fort Lauderdale, but no one was there. ECF No. 76-1 at 10.

7

- On February 27, at 7:40 a.m. (before working hours), the process server again went to 2206 N.E. 17th Court, but no one was there. ECF No. 76-2 at 5.

- The next day, at 8:01 p.m. (after working hours), the process server again went to 2206 N.E. 17th Court, but no one was there. *Id.* at 6.

- On March 9, at 10:52 a.m., the process server returned to the West Palm Beach office and was told to serve Legal Inc. Corporate Services as ECN's registered agent. ECF No. 76-1 at 10.

- On March 14, Mr. Hudson was served. ECF No. 76-2 at 7.

Taken together, these facts do not compel the conclusion that ECN was evading service. The first time the process server went to the West Palm Beach location, they were told that service could not be accepted there but were cooperatively given the name and address of the Registered Agent who would accept service. That address was 206 N.E. 17th Court, Fort Lauderdale. The process server never went there. Instead, they kept trying to make service at a location they had been told could not accept it. Then, they went to the wrong address for the Registered Agent —***2206*** N.E. 17th Court, not 206 N.E. 17th Court. When the process server went back to the West Palm Beach location on March 9, they were again given contact information for the registered agent.

For all these reasons, Mr. McWilliams has not shown that the 3.5 hours of investigator time are taxable.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court tax $784.19 in costs pursuant to 28 U.S.C. § 1920 as follows:

| | |
|---|---|
| Fees of the Clerk: | $ 456.44 |
| Process Server Fees: | $ 327.75 |

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen C. Cannon, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers this 11th day of August, 2023, at West Palm Beach in the Southern District of Florida.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE